# EXHIBIT B

Filed for Record
9/12/2019 9:21 AM
Penny Clarkston, Smith County District Clerk
Reviewed By: Gina McClung

19-2252-C

NO. _____

| | |
|---|---|
| RYHN, INC. and GUKH<br>INTERNATIONAL, INC.<br>Plaintiffs,<br><br>V.<br><br>NATIONAL CARWASH SOLUTIONS,<br>INC. f/k/a RYKO SOLUTIONS, INC.<br>Defendant. | §    IN THE DISTRICT COURT<br>§<br>§<br>§<br>§    ____ JUDICIAL DISTRICT<br>§<br>§<br>§<br>§    SMITH COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **NOW COME** RYHN, Inc. and GUKH International, Inc., hereinafter called Plaintiffs, complaining of and about National Carwash Solutions, Inc. f/k/a Ryko Solutions, Inc., hereinafter called Defendant, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

    1.    Plaintiffs intend that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

    2.    Plaintiff RYHN, Inc. is a Texas Corporation whose address is 11369 US Highway 69 N, Tyler, Texas 75706. Plaintiff RYHN, Inc. has not been issued a driver's license. Plaintiff RYHN, Inc. has not been issued a social security number.

    3.    Plaintiff GUKH International, Inc. is a Texas Corporation whose address is 5019 Timber Creek Dr., Tyler, Texas 75703. Plaintiff GUKH International, Inc. has not been issued a driver's license. Plaintiff GUKH International, Inc. has not been issued a social security number.

    4.    Defendant National Carwash Solutions, Inc. is a Foreign For-Profit Corporation who does business in the State of Texas and may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at the following address: 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. Service of said Defendant may be accomplished by certified mail.

### JURISDICTION AND VENUE

    5.    The subject matter in controversy is within the jurisdictional limits of this Court.

    6.    Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000.

    7.    This Court has jurisdiction over the parties because the Defendant entered into a contract with Texas residents which was to be performed in whole or in part in the State of Texas.

    8.    This action accrued, in whole or in part, in Smith County, Texas. Venue is proper in this case pursuant to TEX. CIV. PRAC. & REM. CODE §15.002.

## FACTUAL ALLEGATIONS

9.      On or about October 17, 2017, the Plaintiffs purchased from the Defendant, and subsequently paid for, two 5700R SOFTGLOSS MAXX 3 car wash machines, along with car wash related equipment and services necessary for the use and installation of the purchased car wash machines, (all such car wash machines and related car wash equipment and services collectively referred to herein as the "Car Wash Machines" or as "Car Wash Machine" when referring to only one machine and its related equipment and services) to be used by the Plaintiffs at Plaintiffs' business locations of 2060 Shiloh Rd., Tyler, Texas 75703 ("Splash Car Wash") and 600 TX-110 North, Whitehouse, Texas 75791 ("Rainbow Car Wash").   The Plaintiffs purchased the two Car Wash Machines using the same Contract (the "Contract"), which was executed by Hassam Yousef, as the authorized agent of both of the Plaintiffs.   A true and correct copy of the Contract which accomplished the purchase of the Car Wash Machines is attached hereto and incorporated herein as Exhibit A.

10.      As part of the Contract, the Plaintiffs purchased from the Defendant a warranty and an extended warranty for parts and labor for both of the Car Wash Machines.

11.      Prior to the purchase and entering into the Contract, the Defendant represented to the Plaintiffs that both Car Wash Machines would be free from defects and would perform car washing functions for the Plaintiffs' customers without breaking down repeatedly.   After the purchase and after entering into the Contract, the Defendant also represented that the Car Wash Machines would perform car washing functions without continuing to break down.   No warnings were ever provided to the Plaintiffs by the Defendant that the Car Wash Machines could or would fail to provide car washes to the customers of the Plaintiffs in the manner in which they have failed to provide car washes since their installations.

12.      The installation of the Car Wash Machine at the Rainbow Car Wash was not completed until January of 2018, though the Defendant represented that the installation would be completed in December of 2017.

13.      Since the completion of the installations of the Car Wash Machines at both Splash Car Wash and at Rainbow Car Wash, both of the Car Wash Machines have repeatedly broken down and have been unable to perform the represented car washing functions for the customers of the Plaintiffs for varying lengths of time.   Plaintiffs have made numerous calls to the Defendant for repairs to be made by the Defendant for both of the Car Wash Machines.   The Defendant has made numerous attempts to repair the Car Wash Machines, but all attempted repairs by the Defendant only result in the Car Wash Machines functioning for a short period of time before they break down again.   During the times in which the Car Wash Machines were broken down, the Plaintiffs suffered damages and lost profits.

14.      Clearly, the Car Wash Machines are not functioning as intended and as represented by the Defendant to the Plaintiffs, and the Car Wash Machines are unable to be fully repaired by the

Defendant so that they will function as intended and as represented by the Defendant to the Plaintiffs prior to and after the purchase of the Car Wash Machines by the Plaintiffs. Had the Plaintiffs known that the Car Wash Machines would break down in the manner in which they have broken down since their installations, the Plaintiffs would not have purchased the Car Wash Machines from the Defendant.

15.     Further, the Car Wash Machines have damaged the vehicles of the customers of the Plaintiffs, for which the Plaintiffs have themselves had to pay for the necessary repairs of those vehicles.

16.     Plaintiffs have provided notice to the Defendant about these claims prior to the filing of this lawsuit. A true and correct copy of this notice is attached hereto and incorporated herein as Exhibit B.

17.     All conditions precedent have been performed or have occurred.

### TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") CLAIM

18.     Plaintiffs incorporate the allegations contained above and below as if fully set forth and stated herein.

19.     For the transaction represented by the Contract, the Plaintiffs are consumers under the DTPA.

20.     The Defendant has committed false, misleading, and deceptive acts and practices against the Plaintiffs as more fully described above and which include the following:

(a)     represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

(b)     represented that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

(c)     knowingly made false or misleading statements of fact concerning the need for parts, replacement, or repair service.

21.     Further, the Defendant committed breaches of express and implied warranties against the Plaintiffs as more fully described below. Those breaches of warranties including the following:

(a)     the express warranty that the two car wash machines would perform their car washing functions without the repeated need for repairs;

(b)     the implied warranty of fitness for a particular purpose; and

(c)     the implied warranty of merchantability.

22.     As a result of these false, misleading, and deceptive acts and practices and breaches of warranties, the Plaintiffs have suffered damages in an amount which is in excess of the minimum jurisdictional limits of this Court. The Plaintiffs' damages include but are not limited to the following: loss of profits; mental anguish; loss revenues for refunds to customers who did not obtain a carwash after

paying for same; loss of use of the Car Wash Machines while they were down, being repaired, broken, or otherwise inoperable; and the loss of the purchase and installation price of the Car Wash Machines.

## BREACH OF EXPRESS WARRANTY

23.     Plaintiffs incorporate the allegations contained above as if fully set forth and stated herein.

24.     The Defendant breached an express warranty to Plaintiffs for a good as governed by the Texas Business & Commerce Code §2.313.  The Defendant represented to the Plaintiffs that the Car Wash Machines would be free of defects and would perform their car washing functions without continually breaking down.  The Plaintiffs would not have purchased the Car Wash Machines from the Defendant if not for that representation made by the Defendant.  The Plaintiffs would not have purchased the Car Wash Machines had the Plaintiffs known they would break down in the manner in which they have broken down since their installations.  The Car Wash Machines have never been able to function free of defects for any appropriate amount of time before needing to be repaired again by the Defendant. The Plaintiffs have given notice to the Defendant many times of these breaches of the express warranty, and the Defendant has failed and continues to fail to cure the breaches.

25.     Because of these breaches by the Defendant of this express warranty, the Plaintiffs have suffered lost profits and other damages in excess of the minimum jurisdictional limits of this Court.  The Plaintiffs' damages include but are not limited to the following:  loss of profits; loss revenues for refunds to customers who did not obtain a carwash after paying for same; loss of use of the Car Wash Machines while they were down, being repaired, broken, or otherwise inoperable; and the loss of the purchase and installation price of the Car Wash Machines.

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

26.     Plaintiffs incorporate the allegations contained above as if fully set forth and stated herein.

27.     The Defendant breached the implied warranty of fitness for a particular purpose.  The Plaintiffs acquired the Car Wash Machines from the Defendant.  The purpose of the Car Wash Machines was to wash cars at the Plaintiffs' business locations of Splash Car Wash and Rainbow Car Wash.  The Defendant knew that the Plaintiffs intended to use the Car Wash Machines to wash cars at the Plaintiffs' business locations of Splash Car Wash and Rainbow Car Wash without needing regular repair and maintenance and without being broken down.  The Plaintiffs relied on the Defendant's skill and judgment in selecting the Car Wash Machines, and related equipment and services, to achieve this purpose. However, the Car Wash Machines that the Plaintiffs acquired from the Defendant have never been able to maintain this purpose for any appropriate length of time and is unfit for the Plaintiffs' purpose.  The Plaintiffs have given notice to the Defendant many times of the breaches of the implied warranty, and the

Defendant has failed and continues to fail to cure the breaches.

28.     Because of these breaches by the Defendant of this implied warranty, the Plaintiffs have suffered lost profits and other damages in excess of the minimum jurisdictional limits of this Court.  The Plaintiffs' damages include but are not limited to the following:  loss of profits; loss revenues for refunds to customers who did not obtain a carwash after paying for same; loss of use of the Car Wash Machines while they were down, being repaired, broken, or otherwise inoperable; and the loss of the purchase and installation price of the Car Wash Machines.

<strong>BREACH OF IMPLIED WARRANTY OF MERCHANTIBILTIY</strong>

29.     Plaintiffs incorporate the allegations contained above as if fully set forth and stated herein.

30.     The Defendant breached the implied warranty of merchantability for a good as provided by the Texas Business & Commerce Code §2.314.  The Plaintiffs acquired the Car Wash Machines from the Defendant.  The Car Wash Machines were unmerchantable when they left the Defendant's possession. The ordinary purpose of the Car Wash Machines was to wash cars at the Plaintiffs' business locations of Splash Car Wash and Rainbow Car Wash without needing regular repair and maintenance and without being broken down.  The Car Wash Machines have never maintained this purpose.  The Defendant promised that the Car Wash Machines would be free from defects and would not need regular repairs. The Plaintiffs have given notice to the Defendant many times of these breaches of the implied warranty, and the Defendant has failed and continues to fail to cure the breaches.

31.     Because of these breaches by the Defendant of this implied warranty, the Plaintiffs have suffered lost profits and other damages in excess of the minimum jurisdictional limits of this Court.  The Plaintiffs' damages include but are not limited to the following:  loss of profits; loss revenues for refunds to customers who did not obtain a carwash after paying for same; loss of use of the Car Wash Machines while they were down, being repaired, broken, or otherwise inoperable; and the loss of the purchase and installation price of the Car Wash Machines.

<strong>BREACH OF CONTRACT</strong>

32.     Plaintiffs incorporate the allegations contained above as if fully set forth and stated herein.

33.     The Contract is a valid and enforceable contract between the Plaintiffs and the Defendant. The Plaintiffs performed and tendered performance of all of their contractual obligations under the Contract, including the payment of the full price of the Contract.  The Defendant has breached the Contract by delivering the Car Wash Machines, which are defective and not as those machines promised and represented in the Contract by the Defendant.

34.     Because of these breaches by the Defendant of the Contract, the Plaintiffs have suffered

lost profits and other damages in excess of the minimum jurisdictional limits of this Court.   The Plaintiffs' damages include but are not limited to the following:  loss of profits; loss revenues for refunds to customers who did not obtain a carwash after paying for same; loss of use of the Car Wash Machines while they were down, being repaired, broken, or otherwise inoperable; and the loss of the purchase and installation price of the Car Wash Machines.

## NEGLIGENT MISREPRESENTATION

35.     Plaintiffs incorporate the allegations contained above as if fully set forth and stated herein.

36.     During the course of the Defendant's business and in a business transaction with the Plaintiffs, the Defendant made false representations stating that the Car Wash Machines would be free of defects and would perform their car washing functions without continually breaking down.   The Defendant did not exercise reasonable care when communicating this information.   The Plaintiffs relied upon these representations made by the Defendant and as a result purchased the Car Wash Machines, when the Plaintiffs otherwise would not have purchased the Car Wash Machines.   The Plaintiffs were justified in their reliance because the Defendant was the seller of the Car Wash Machines.

37.     Because of these negligent misrepresentations by the Defendant, the Plaintiffs have suffered lost profits and other damages in excess of the minimum jurisdictional limits of this Court.   The Plaintiffs' damages include but are not limited to the following:  loss of profits; loss revenues for refunds to customers who did not obtain a carwash after paying for same; loss of use of the Car Wash Machines while they were down, being repaired, broken, or otherwise inoperable; and the loss of the purchase and installation price of the Car Wash Machines.

## ATTORNEY'S FEES

38.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against the Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; attorney's fees; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

John F. Berry, P.C.
100 Independence Pl., Suite 400
Tyler, Texas 75703
903 561-4200; FAX 903 561-8922

By:  John F. Berry
Texas Bar No. 02236650
Email: jfberry@suddenlinkmail.com
Brian E. Richardson
Texas Bar. No. 24068651
brichardson@suddenlinkmail.com
Attorneys for Plaintiffs

# Exhibit A

#101627

10/9/2017



**Ryko Solutions, Inc.**
1500 SE 37th Street  *  Grimes, Iowa  50111
(515) 986-3700

EQUIPMENT QUOTATION
ALL QUOTATIONS AND SALES ARE SUBJECT TO SALES CONDITIONS ON SIGNATURE PAGE

Bill To:   Rainbow Car Wash                    Ship To:   Rainbow Car Wash
600 TX-110 North                               600 TX-110 North
Whitehouse, TX  75791                          Whitehouse, TX  75791

Prepared By Tonya Merritt
tmerritt@ryko.com
832-791-8675

Exclusively for Sam Yousaf ((903) 714-9393) representing Rainbow Car Wash.

9161662                                                                                          10/18/2017

| Product Code | Product Description | Quantity | Sales Price | Sub-Total |
|---|---|---|---|---|
| 5700R | 5700R SOFTGLOSS MAXX 3:<br>Wash Ready Aircraft-Grade Aluminum Painted Telescoping Frame<br>Wall or Post Mounted Energy Chain (field configurable for right or left side)<br>Direct-Drive FoamBrite Top Brush<br>2 FoamBrite Side Washers with Variable Frequency Drives and Active Brush Control<br>Taillight to Taillight Overlapping Front and Rear Wash Carriage<br>Pressurized Offboard Eight Chemical Injection System<br>Supported Chemicals: Foam Bath, Detergent, Basic Wax or Clearcoat, Tire Chemical<br>Reclaim Ready Wash Manifold<br>Spot-Free Ready Halo Rinse Manifold<br>Wall Mounted Touchscreen Programmer for Diagnostics and Monitoring<br>35' Durable Painted Steel Maxx Track (Floor Mount)<br>High Impact Plastic Front Cover<br>Integral Super Bright Stop-Go Driver Guidance Lighting<br>Driver Stop Position Buzzer<br>RykoNet or Manual Activation<br>RykoTrax Compatible (Site Server Required) | 1 | $72,995.00 | $72,995.00 |
| 5230R | Maxx 3 Option - RainShield Protectant with Foaming Action | 1 | $1,925.00 | $1,925.00 |
| 5176R | Maxx 3 Option - Second Chemical Application For Two Step Presoak | 1 | $1,095.00 | $1,095.00 |
| 5711R | Maxx 3 Option - High Pressure Mechanically Driven Rotating Wheel Wash | 1 | $4,995.00 | $4,995.00 |
| 5710R | Maxx 3 Option - Off Board High Pressure Pump Panel | 1 | $3,995.00 | $3,995.00 |
| 5712R | Maxx 3 Option - Choice HP Top Contouring and Side Turbo Nozzle Wash | 1 | $3,695.00 | $3,695.00 |
| 5544R | Maxx 3 Option - Color Wave Finishing Curtain with LED Lighting | 1 | $5,495.00 | $5,495.00 |
| 5713R | Maxx 3 Cover - High Impact Rear Fascia Cover | 1 | $1,765.00 | $1,765.00 |
| 5714R | Maxx 3 Tunnel Effect Front Cover LED Neon Glow Lighting | 1 | $2,985.00 | $2,985.00 |
| 4535R | Undercar Wash without Rocker Nozzles | 1 | $1,095.00 | $1,095.00 |
| PSAS | Extended 1 Yr warranty: 1 Yr Parts, 1 Yr Labor | 1 | $2,810.00 | $2,810.00 |
| Z1000 | Custom Product:<br>4514R - Maxx Frost Protection Gantry | 1 | $1,514.00 | $1,514.00 |
| TDSC | New Customer Discount | 1 | ($25,047.36) | ($25,047.36) |
| DISC_DOL | Extended warranty discounted | 1 | ($2,810.00) | ($2,810.00) |
|  | Electrical & Plumbing not included in quote and is at owners expense |  |  |  |

9101662                                                                                    10/17/2017

RYKO reserves the right to back-order any portion of customer order at time of delivery.
RYKO reserves the right to change specifications without prior notification.
Freight F.O.B. Grimes, IA

RYKO Solutions, Inc., due to a wide variety of circumstatnces and local requirements, is not responsible for obtaining any local permits,
approvals, or inspections from any government agency or subagency for the installation, operation, maintenance or employment of the
products ordered by the customer.  The customer shall have the sole responsibility for obtaining any such permit, approval or inspection
and for providing utilities to RYKO predetermined locations within the bay and for any architectural drawings required.

THIS QUOTATION IS GOOD FOR 30 DAYS.

| | | |
|---|---|---|
| Prepaid? | Sub-Total: | $106,310.00 |
| Approved Credit?                    ✓ | Discount: | ($28,324.40) |
| Purchase Order from Leasing Company? | Net Total: | $77,985.60 |
| | Sales Tax: | $7,482.88 |
| *3-Brush* | Total Freight: | $2,085.00 |
| *No dryer* | Installation & Bay Prep: | $10,631.00 |
| | Grand Total: | ~~$98,184.48~~ |
| | | *$98,000.00* |
| | Deposit due at time order is placed: | $24,546.12 *X 2* |
| | Payment due two weeks prior to shipment: | $63,819.91 *location* |
| | Balance due upon installation: | $9,818.45 |

Payment Terms:   APPROVED CREDIT WITH A 25% DEPOSIT DUE AT ORDER PLACEMENT, 65% PROGRESS
PAYMENT DUE TWO WEEKS PRIOR TO SHIPPING AND BALANCE PAID UPON INSTALLATION COMPLETE.
IN NO CASE WILL RYKO COMMENCE INSTALLATION OF THE EQUIPMENT UNLESS, OR UNTIL, THE CHOSEN
PAYMENT OPTION ABOVE HAS BEEN SATISFIED.

*1st $25,000*
*2wks*
*$25,000*
*. 2wks*
*$25,000*
*. 2wk*
*$ Rem.*
*CC*

PAYMENT MAY BE ACH'D OR WIRED TO:              PAYMENT BY CHECK SHOULD BE MAILED TO:

Huntington Bank                                Ryko Solutions, Inc.
222 N. LaSalle Street, Suite 1200              Attn: Order Entry
Chicago, IL  60601                             1500 SE 37th St.
ABA# 044000024                                 Grimes, IA  50111
ACCT# 01068347539

Print Name:  *Hssam Yousef*                    Title: *Owner*

Signature:  *[signature]*                       Date: *10/17/2017*

Page 3 of 4

#101627

10/9/2017

## SALES CONDITIONS

1. Taxes and other fees. Prices on the specified products are exclusive of all city, state and federal excise taxes, including without limitation, taxes on manufacture sales, receipts, gross income, occupation, use and similar taxes. Wherever applicable, any tax or taxes will be added to the invoice as a separate charge to be paid by the purchaser. Prices do not reflect any other fees for, but not limited to, inspections, licenses, permits, testing (UL or ETL, for example) union labor supervision, and insurance which fees are the responsibility of the purchaser.

2. Acceptance. It is understood and agreed that all terms and conditions of this quotation are set forth hereon, and are accepted by the purchaser by signing below. Acceptance of this quotation and the terms and sales conditions by the purchaser by signing below shall constitute an order to purchase the goods listed herein. This order will not be binding on the seller unless and until it is accepted, in writing, by the seller's authorized representative.

3. Shipment. All merchandise will be shipped F.O.B factory after a 25% deposit and 65% progress payment have been received unless otherwise specified. Freight charges are estimated from current freight rates, plus a Crating and Handling Fee of up to $750 per load for crating, loading, drayage, and unloading services. Seller will not be responsible, under this order, for non-delivery or delay of aforementioned goods caused by strikes, lock-outs, fires, shortages of labor, fuel, power, materials or supplies, transportation, delays, acts of God or any other cause or causes beyond the reasonable control of the seller. Method and route of shipment are at seller's discretion unless the purchaser provides explicit instructions. All shipments are insured at purchaser's expense and made at purchaser's risk.

4. Indemnification. Purchaser agrees at all times to indemnify and save harmless seller and manufacturers of equipment from and against all loss, cost, damage, expense, construction delays, claims, demands, suits and causes of action whatsoever alleged or asserted by any person, firm or corporation for, on account of, or in connection with, the installation, condition, maintenance, use, or operation of the machinery or equipment covered by this order.

5. Cancellation. Purchaser further agrees that if this sales agreement is cancelled by the purchaser and seller accepts such cancellation, the money paid herein as down payment or deposit shall become property of the seller, to compensate for its liquidated damages resulting from such cancellation.

6. Change Fees. Approximately three weeks prior to shipment you will be asked to confirm your order and ship date on a Shipping Confirmation form. Submission of this form triggers your order to be placed into production. As a result, any change made to your order after submitting the Shipping Confirmation will be subject to a $500 change fee. In addition, should you choose to move the ship date out beyond the confirmed ship date your order may be assessed storage fees of $100 per calendar day at Ryko's discretion.

7. Payment. Seller may charge interest at 1 1/2% per month on all overdue bills or statements (or if state law provides for a lesser interest charge at the highest permissible rate). Deliveries hereunder will be subject to payment methods established by or credit approval by the seller and unless otherwise stated, payment is due upon installation completion. Purchaser furthermore agrees to pay all legal fees and expenses incurred by the seller (RYKO) in collecting any past due amounts payable by the purchaser.

8. Laws Governing. Purchaser further agrees that the conditions and terms of this document shall be governed by the applicable laws and statutes of the State of Iowa.

9. Warranty. NO WARRANTY OR GUARANTEE, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTY AS TO MERCHANTABILITY OR FITNESS FOR ANY PURPOSE OR USE IS MADE UNLESS THE SAME IS SPECIFICALLY SET FORTH IN THE MANUALS ACCOMPANYING THE EQUIPMENT AND TO THE EXTENT LIMITED THEREIN. SELLER SHALL NOT BE LIABLE FOR ANY LOSS OR DAMAGE, DIRECTLY OR INDIRECTLY ARISING FROM THE USE OF SUCH MERCHANDISE OR FOR CONSEQUENTIAL DAMAGES.

By initialing here I have read and agree to the terms and condtions above: _____

# Exhibit B

# JOHN F. BERRY, P.C.

John F. Berry
jfberry@suddenlinkmail.com

Suite 400 Chase Bank Building
100 Independence Place
Tyler, Texas 75703-1384
(903) 561-4200
(903) 561-8922 Facsimile

Brian E. Richardson
brichardson@suddenlinkmail.com

September 11, 2019

National Carwash Solutions, Inc.
f/k/a Ryko Solutions, Inc.
c/o E. Glenn Thames, Jr.
Potter Minton
110 North College Ave., Suite 500
Tyler, Texas 75702

*via email, certified mail, and first class mail:*
*return receipt requested: #70190700000041370537*
*glennthames@potterminton.com*

Re:   Texas Deceptive Trade Practices Act Claims for Splash Car Wash located at 2060 Shiloh Rd.,
      Tyler, Texas 75703 (the "Splash Car Wash") and for Double Rainbow Car Wash located at 600
      TX-110 North, Whitehouse, Texas 75791 (the "Rainbow Car Wash")

To Whom It May Concern:

Please be advised that my firm has been engaged to represent both GUKH International, Inc. ("GUKH")
and RYHN, Inc. ("RYHN"), which do business as Splash Car Wash and as Rainbow Car Wash
respectively, at the locations described above, regarding their Texas Deceptive Trade Practices Act
Claims against National Carwash Solutions, Inc. f/k/a Ryko Solutions, Inc. ("National Carwash"). On or
about October 17, 2017, GUKH and RYHN contracted to purchase two car wash machines from National
Carwash, along with associated products and services for the use and installations of the two car washes,
with one car wash machine to be used at each of the two locations: Splash Car Wash and Rainbow Car
Wash. Attached hereto and incorporated herein as Exhibit A is a true and correct copy of that Contract
(the "Contract").

Both car wash machines were installed by National Carwash, pursuant to the Contract, though the
installation of the car wash machine at Rainbow Car Wash was completed about a month after the
timeframe represented by National Carwash at the time of the Contract.

After their initial installations and up to the present date, both car wash machines from National Carwash
at both Splash Car Wash and Rainbow Car Wash have repeatedly been unable to provide car washes to
the customers of GUKH and RYHN because they break down repeatedly. Both car wash machines
continue to break down even after the repeated attempts to repair them by National Carwash and after the
repeated assurances from National Carwash that the two car wash machines have been fully repaired.
During the times in which the two car wash machines were broken down, GUKH and RYHN suffered
damages and lost profits. Prior to the Contract, National Carwash represented that the two car wash
machines would not break down in the manner in which they have following their installations. If
GUKH and RYHN had known that the two car wash machines would break down as often as they have
been, then GUKH and RYHN would never have purchased the car wash machines from National
Carwash. Also, after the execution of the Contract, National Carwash has continued to represent that the
car wash machines would not continually break down in the manner in which they have continued to
break down since their installations. No warnings were ever provided to GUKH and RYHN that the car
wash machines would or could fail to provide car washes to the customers of GUKH and RYHN in the
manner in which they have failed to provide car washes since their installations. The two car wash

machines have proven to be unrepairable and should be removed. The Contract should be rescinded for the full purchase price of the two car wash machines, and GUKH and RYHN's lost profits resulting from the break downs of the two car wash machines should be recovered from National Carwash. Further, the car wash machines have damaged the vehicles of the customers of GUKH and RYHN, for which GUKH and RYHN have themselves had to pay for the necessary repairs of those vehicles. GUKH and RYHN should be reimbursed by National Carwash for these payments.

In connection with the acts and omissions described above, National Carwash has committed the false, misleading or deceptive practices against GUKH and RYHN as indicated below, in that it:

    (a)    represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

    (b)    represented that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

    (c)    knowingly made false or misleading statements of fact concerning the need for parts, replacement, or repair service.

Further, in connection with the acts and omissions described above, GUKH and RYHN contends that the following warranties have been breached by National Carwash in relation to both car wash machines from National Carwash at both the Splash Car Wash and Rainbow Car Wash locations:

    (a)    the express warranty that the two car wash machines would perform their car washing functions without the repeated need for repairs;

    (b)    the implied warranty of fitness for a particular purpose; and

    (c)    the implied warranty of merchantability.

Notice is hereby given under Section 17.505 of the Texas Deceptive Trade Practices Act that GUKH and RYHN have sustained economic damages in the amount of $270,000.00, damages for mental anguish in the amount of $50,000.00, and attorney's fees in the amount of $10,000.00 reasonably incurred by GUKH and RYHN in the assertion of these claims, for a total amount of $330,000.00. Demand is therefore made pursuant to the DTPA for the amount of $330,000.00 in the form of a money order or cashier's check, payable to GUKH International, Inc., RYHN, Inc. and John F. Berry, P.C.

If payment as described above in the total amount of $330,000.00 is not made as requested hereinabove, suit will be filed in a court of competent jurisdiction.

As provided by Section 17.505(a) of the DTPA, we are amenable to the inspection of the two car wash machines in a reasonable manner and at a reasonable time, agreed upon in advance and during normal business hours. Please feel free to contact me to set up this inspection, should you desire to conduct such an inspection.

Please be advised that under the DTPA an award of court costs and reasonable and necessary attorney's fees is mandatory to a consumer who prevails in such a lawsuit. Please be further advised that damages for mental anguish and up to three times the amount of economic damages may be awarded at trial in the event that the trier of fact finds that actionable conduct was committed "knowingly." If the conduct is found to have been committed "intentionally," my client could recover up to three times the amount of damages for both mental anguish and economic damages.

Yours very truly,

Brian E. Richardson
/br

Enclosure

#101627



EXHIBIT A

10/9/2017



Ryko Solutions, Inc.
1500 SE 37th Street * Grimes, Iowa  50111
(515) 986-3700

EQUIPMENT QUOTATION
ALL QUOTATIONS AND SALES ARE SUBJECT TO SALES CONDITIONS ON SIGNATURE PAGE

Bill To:  Rainbow Car Wash
          600 TX-110 North
          Whitehouse, TX  75791

Ship To:  Rainbow Car Wash
          600 TX-110 North
          Whitehouse, TX  75791

Prepared By Tonya Merritt
tmerritt@ryko.com
832-791-8675

Exclusively for Sam Yousaf ((903) 714-9393) representing Rainbow Car Wash.

91101662                                                                    10/18/2017

| Product Code | Product Description | Quantity | Sales Price | Sub-Total |
|---|---|---|---|---|
| 5700R | 5700R SOFTGLOSS MAXX 3:<br>Wash Ready Aircraft-Grade Aluminum Painted Telescoping Frame<br>Wall or Post Mounted Energy Chain (field configurable for right or left side)<br>Direct-Drive FoamBrite Top Brush<br>2 FoamBrite Side Washers with Variable Frequency Drives and Active Brush Control<br>Taillight to Taillight Overlapping Front and Rear Wash Carriage<br>Pressurized Offboard Eight Chemical Injection System<br>Supported Chemicals: Foam Bath, Detergent, Basic Wax or Clearcoat, Tire Chemical<br>Reclaim Ready Wash Manifold<br>Spot-Free Ready Halo Rinse Manifold<br>Wall Mounted Touchscreen Programmer for Diagnostics and Monitoring<br>35' Durable Painted Steel Maxx Track (Floor Mount)<br>High Impact Plastic Front Cover<br>Integral Super Bright Stop-Go Driver Guidance Lighting<br>Driver Stop Position Buzzer<br>RykoNet or Manual Activation<br>RykoTrax Compatible (Site Server Required) | 1 | $72,995.00 | $72,995.00 |
| 5230R | Maxx 3 Option - RainShield Protectant with Foaming Action | 1 | $1,925.00 | $1,925.00 |
| 5176R | Maxx 3 Option - Second Chemical Application For Two Step Presoak | 1 | $1,095.00 | $1,095.00 |
| 5711R | Maxx 3 Option - High Pressure Mechanically Driven Rotating Wheel Wash | 1 | $4,995.00 | $4,995.00 |
| 5710R | Maxx 3 Option - Off Board High Pressure Pump Panel | 1 | $3,995.00 | $3,995.00 |
| 5712R | Maxx 3 Option - Choice HP Top Contouring and Side Turbo Nozzle Wash | 1 | $3,695.00 | $3,695.00 |
| 5544R | Maxx 3 Option - Color Wave Finishing Curtain with LED Lighting | 1 | $5,495.00 | $5,495.00 |
| 5713R | Maxx 3 Cover - High Impact Rear Fascia Cover | 1 | $1,765.00 | $1,765.00 |
| 5714R | Maxx 3 Tunnel Effect Front Cover LED Neon Glow Lighting | 1 | $2,985.00 | $2,985.00 |
| 4535R | Undercar Wash without Rocker Nozzles | 1 | $1,095.00 | $1,095.00 |
| PSAS | Extended 1 Yr warranty: 1 Yr Parts, 1 Yr Labor | 1 | $2,810.00 | $2,810.00 |
| Z1000 | Custom Product:<br>4514R - Maxx Frost Protection Gantry | 1 | $1,514.00 | $1,514.00 |
| TDSC | New Customer Discount | 1 | ($25,047.36) | ($25,047.36) |
| DISC_DOL | Extended warranty discounted | 1 | ($2,810.00) | ($2,810.00) |
|  | Electrical & Plumbing not included in quote and is at owners expense |  |  |  |

4101662                                                                                    10/17/2017

RYKO reserves the right to back-order any portion of customer order at time of delivery.
RYKO reserves the right to change specifications without prior notification.
Freight F.O.B. Grimes, IA

RYKO Solutions, Inc., due to a wide variety of circumstatnces and local requirements, is not responsible for obtaining any local permits,
approvals, or inspections from any government agency or subagency for the installation, operation, maintenance or employment of the
products ordered by the customer.  The customer shall have the sole responsibility for obtaining any such permit, approval or inspection
and for providing utilities to RYKO predetermined locations within the bay and for any architectural drawings required.

THIS QUOTATION IS GOOD FOR 30 DAYS.

| | | |
|---|---|---|
| Prepaid? | Sub-Total: | $106,310.00 |
| Approved Credit?  ✓ | Discount: | ($28,324.40) |
| Purchase Order from Leasing Company? | Net Total: | $77,985.60 |
| | Sales Tax: | $7,482.88 |
| 3-Brush | Total Freight: | $2,085.00 |
| No dryer | Installation & Bay Prep: | $10,631.00 |
| | Grand Total: | ~~$98,184.48~~ |
| | | $98,000.00 |
| | Deposit due at time order is placed: | $24,546.12  X2 |
| | Payment due two weeks prior to shipment: | $63,819.91  location |
| | Balance due upon installation: | $9,818.45 |

Payment Terms:   APPROVED CREDIT WITH A 25% DEPOSIT DUE AT ORDER PLACEMENT, 65% PROGRESS   1st $25,000
PAYMENT DUE TWO WEEKS PRIOR TO SHIPPING AND BALANCE PAID UPON INSTALLATION COMPLETE.   2 wks
IN NO CASE WILL RYKO COMMENCE INSTALLATION OF THE EQUIPMENT UNLESS, OR UNTIL, THE CHOSEN   $25,000
PAYMENT OPTION ABOVE HAS BEEN SATISFIED.                                                   . 2 wks
                                                                                           $25,000
                                                                                           . 2wk
PAYMENT MAY BE ACH'D OR WIRED TO:         PAYMENT BY CHECK SHOULD BE MAILED TO:            at Rem.
                                                                                           CC

Huntington Bank                           Ryko Solutions, Inc.
222 N. LaSalle Street, Suite 1200         Attn: Order Entry
Chicago, IL  60601                        1500 SE 37th St.
ABA# 044000024                            Grimes, IA  50111
ACCT# 01068347539

Print Name:  _Hssam Yousef_               Title:  _Owner_

Signature:  _____             Date:  _10/17/2017_

#101627                                                                                              10/9/2017

SALES CONDITIONS

1. Taxes and other fees. Prices on the specified products are exclusive of all city, state and federal excise taxes, including without limitation, taxes on manufacture sales, receipts, gross income, occupation, use and similar taxes. Wherever applicable, any tax or taxes will be added to the invoice as a separate charge to be paid by the purchaser. Prices do not reflect any other fees for, but not limited to, inspections, licenses, permits, testing (UL or ETL, for example) union labor supervision, and insurance which fees are the responsibility of the purchaser.

2. Acceptance. It is understood and agreed that all terms and conditions of this quotation are set forth hereon, and are accepted by the purchaser by signing below. Acceptance of this quotation and the terms and sales conditions by the purchaser by signing below shall constitute an order to purchase the goods listed herein. This order will not be binding on the seller unless and until it is accepted, in writing, by the seller's authorized representative.

3. Shipment. All merchandise will be shipped F.O.B factory after a 25% deposit and 65% progress payment have been received unless otherwise specified. Freight charges are estimated from current freight rates, plus a Crating and Handling Fee of up to $750 per load for crating, loading, drayage, and unloading services. Seller will not be responsible, under this order, for non-delivery or delay of aforementioned goods caused by strikes, lock-outs, fires, shortages of labor, fuel, power, materials or supplies, transportation, delays, acts of God or any other cause or causes beyond the reasonable control of the seller. Method and route of shipment are at seller's discretion unless the purchaser provides explicit instructions. All shipments are insured at purchaser's expense and made at purchaser's risk.

4. Indemnification. Purchaser agrees at all times to indemnify and save harmless seller and manufacturers of equipment from and against all loss, cost, damage, expense, construction delays, claims, demands, suits and causes of action whatsoever alleged or asserted by any person, firm or corporation for, on account of, or in connection with, the installation, condition, maintenance, use, or operation of the machinery or equipment covered by this order.

5. Cancellation. Purchaser further agrees that if this sales agreement is cancelled by the purchaser and seller accepts such cancellation, the money paid herein as down payment or deposit shall become property of the seller, to compensate for its liquidated damages resulting from such cancellation.

6. Change Fees. Approximately three weeks prior to shipment you will be asked to confirm your order and ship date on a Shipping Confirmation form. Submission of this form triggers your order to be placed into production. As a result, any change made to your order after submitting the Shipping Confirmation will be subject to a $500 change fee. In addition, should you choose to move the ship date out beyond the confirmed ship date your order may be assessed storage fees of $100 per calendar day at Ryko's discretion.

7. Payment. Seller may charge interest at 1 1/2% per month on all overdue bills or statements (or if state law provides for a lesser interest charge at the highest permissible rate). Deliveries hereunder will be subject to payment methods established by or credit approval by the seller and unless otherwise stated, payment is due upon installation completion. Purchaser furthermore agrees to pay all legal fees and expenses incurred by the seller (RYKO) in collecting any past due amounts payable by the purchaser.

8. Laws Governing. Purchaser further agrees that the conditions and terms of this document shall be governed by the applicable laws and statutes of the State of Iowa.

9. Warranty. NO WARRANTY OR GUARANTEE, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTY AS TO MERCHANTABILITY OR FITNESS FOR ANY PURPOSE OR USE IS MADE UNLESS THE SAME IS SPECIFICALLY SET FORTH IN THE MANUALS ACCOMPANYING THE EQUIPMENT AND TO THE EXTENT LIMITED THEREIN. SELLER SHALL NOT BE LIABLE FOR ANY LOSS OR DAMAGE, DIRECTLY OR INDIRECTLY ARISING FROM THE USE OF SUCH MERCHANDISE OR FOR CONSEQUENTIAL DAMAGES.

By initialing here I have read and agree to the terms and condtions above: _____



# Notice of Service of Process

null / ALL
**Transmittal Number: 20539531**
**Date Processed: 10/15/2019**

| | |
|---|---|
| **Primary Contact:** | Jason Giles<br>Nyemaster Goode, P.C.<br>700 Walnut Street<br>Ste 1600<br>Des Moines, IA 50309 |
| **Electronic copy provided to:** | Laura Wilson<br>Micky Houseman |

| | |
|---|---|
| **Entity:** | National Carwash Solutions, Inc.<br>Entity ID Number  3716405 |
| **Entity Served:** | National Carwash Solutions, Inc. |
| **Title of Action:** | Ryhn, Inc. vs. National Carwash Solutions, Inc. f/k/a Ryko Solutions, Inc. |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Breach of Warranty |
| **Court/Agency:** | Smith County District Court, TX |
| **Case/Reference No:** | 19-2252-C |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 10/11/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Jobn F. Berry<br>903-561-4200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| CLERK OF THE COURT | ATTORNEY FOR PETITIONER |
|---|---|
| PENNY CLARKSTON<br>SMITH COUNTY DISTRICT CLERK<br>100 N. Broadway, RM 204<br>Tyler, Texas  75702<br>903-590-1660 | |

### CAUSE NO. 19-2252-C

# THE STATE OF TEXAS
# CITATION BY CERTIFIED MAIL

**NOTICE TO DEFENDANT:** "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

TO:   NATIONAL CARWASH SOLUTIONS, INC., REGISTERED AGENT, CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY 211 E. 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701-3218.

*GREETINGS:*  **You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition (OCA) at or before ten (10:00) o'clock A.M. on the Monday next after the expiration of the twenty (20) days after the date of service of this citation before the 241st Judicial District Court of Smith County, Texas, at the Courthouse of said County located at 100 N. Broadway, Tyler, Texas.**

Said **Plaintiff's Original Petition (OCA)** was filed in said Court on **09/12/2019**, in this case, numbered 19-2252-C on the docket of said Court, and styled:

RYHN, Inc. and GUKH International, Inc. V. National Carwash Solutions, Inc f/k/a Ryko Solutions,Inc.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Original Petition (OCA) accompanying this citation and made a part hereof.

~~The officer executing this writ shall promptly mail the same according to the requirements of law, and the mandates thereof, and make due return as the law directs.~~

Issued and given under my hand and seal of the Court at Tyler, Texas, on this date:  September 25, 2019.

**CLERK OF THE COURT**
**PENNY CLARKSTON, DISTRICT CLERK**
**SMITH COUNTY, TEXAS**
100 North Broadway, Rm. 204
Tyler, Texas  75702



By:Meghan Willis

**Meghan Willis** Deputy


**********************CERTIFICATE OF DELIVERY BY MAIL**********************
I hereby certify that on this date:9/25/2019, at 4 o'clock P.M., I mailed to NATIONAL CARWASH SOLUTIONS, INC. by registered or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Petition attached thereto.

BY:<u>Meghan Willis</u>
Meghan Willis., **Deputy**


**CERTIFIED MAIL, RETURN RECEIPT REQUESTED: 19-2252-C**

>>>>>>>><u>ATTACH RETURN RECEIPT WITH ADDRESSEE'S SIGNATURE</u><<<<<<<<

Filed for Record
11/4/2019 3:57 PM
Penny Clarkston, Smith County District Clerk
Reviewed By: Penny Clarkston

CAUSE NO. 19-2252-C

| | | |
|---|---|---|
| RYHN, Inc. and | § | IN THE DISTRICT COURT |
| GUKH International, Inc., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | SMITH COUNTY, TEXAS |
| | § | |
| National Carwash Solutions, Inc. | § | |
| f/k/a RYKO Solutions, Inc., | § | |
| | § | |
| *Defendant*. | § | 241st JUDICIAL DISTRICT |

## DEFENDANT NATIONAL CARWASH SOLUTIONS, INC.
## f/k/a RYKO SOLUTIONS, INC.'S
## ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant National Carwash Solutions, Inc. f/k/a RYKO Solutions, Inc. ("Defendant") and files this, its Original Answer to Plaintiffs' Original Petition and would show unto the Court the following:

### I.  GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denies the allegations contained in Plaintiffs' Original Petition and any amendments thereto, all and singular, and demands strict proof thereof by a preponderance of the evidence as required by the laws of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing by way of their suit and that the parties be discharged with their costs incurred.

Dated: November 4, 2019                           Respectfully submitted,

                                                  */s/ E. Glenn Thames, Jr.*
                                                  E. Glenn Thames, Jr.
                                                  Texas Bar No. 00785097
                                                  glennthames@potterminton.com
                                                  POTTER MINTON
                                                  A Professional Corporation
                                                  110 North College Avenue, Suite 500
                                                  Tyler, TX 75702
                                                  Phone: (903) 597-8311
                                                  Fax: (903) 593-0846

                                                  ***Attorney for Defendant***
                                                  **National Carwash Solutions, Inc.**
                                                  **f/k/a RYKO Solutions, Inc.**


## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that the foregoing document was filed and served via the electronic filing manager in compliance with Rule 21a (a)(1) of the Texas Rules of Civil Procedure on November 4, 2019.

                                                  */s/ E. Glenn Thames, Jr.*
                                                  E. Glenn Thames, Jr.


John F. Berry                      jfberry@suddenlinkmail.com
Brian E. Richardson                brichardson@suddenlinkmail.com
John F. Berry, P.C.
100 Independence Pl., Suite 400
Tyler, Texas 75703
**Attorneys for Plaintiffs**